**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

CITY OF MEMPHIS, TENNESSEE

      Plaintiff/Counter-Defendant,

          v.                No.  2:09-cv-2205-SHM-egb

ZAYO BANDWIDTH TENNESSEE, LLC
f/k/a MEMPHIS NETWORX, LLC,

      Defendant/Counter-Plaintiff.

**CITY OF MEMPHIS'S ANSWER TO COUNTER-COMPLAINT**

Comes now the City of Memphis ("the City") to respond to the Counter-Complaint filed by Defendant, Zayo Bandwidth Tennessee, LLC, ("Zayo Bandwidth") as follows:

1.    The City admits that Zayo Bandwidth is a provider of telecommunications services, with facilities and infrastructure located within the public rights-of-way owned and controlled by the City in its proprietary capacity.  The City, would aver that Zayo Bandwidth through its predecessor entity, Memphis Networx, LLC, voluntarily applied for a Telecommunications Franchise Contract ("the Franchise Agreement") to gain access to the City's public rights-of-way and unilaterally sought Tennessee Regulatory Authority ("TRA") approval of said Franchise Agreement.  The City denies all remaining allegations, legal conclusions and characterizations pled in paragraph 1.

2.    The City admits that Zayo Bandwidth has refused to compensate or otherwise reimburse the City for Zayo Bandwidth's continuous and uninterrupted use of the City's public rights-of-way, as required by the Franchise Agreement and applicable state and federal laws.

The City will also show that Zayo Bandwidth had also evaded payment of lawfully assessed state utility taxes until the City put Zayo Bandwidth on notice that it was exercising its remedies under the Franchise Agreement.  The City would aver that it is under no obligation to gratuitously provide Zayo Bandwidth access to its public rights-of-way.  The City denies all remaining allegations, legal conclusions and characterizations pled in paragraph 2.

3.     The City denies each allegation pled in paragraph 3, and further denies that Zayo Bandwidth is entitled to any of the relief requested.  The City would aver that the Franchise Agreement entered into between the City and Zayo is similar in both structure and effect as all other franchise agreements between the City and all other similarly situated telecommunications providers.  Furthermore, the imposition of certain conditions on those who wish to occupy and use the City's public rights-of-way is in accordance with both state and federal law.

4.     The City admits the allegations pled in paragraph 4.

5.     The City is without knowledge or information sufficient to form a belief as to the truth of the allegations pled in paragraph 5 and demands strict proof thereof.

6.     The City admits the allegations pled in paragraph 6.

7.     The City admits the allegations pled in paragraph 7.

8.     The City admits that Zayo Bandwidth is a limited liability company authorized to, and does, conduct business in the state of Tennessee; and that Zayo Bandwidth's predecessor entity, Memphis Networx, LLC was a joint venture between Memphis Light Gas & Water Division and Memphis Broadband.  However, the City without knowledge or information sufficient to form a belief as to the truth of the remaining allegations pled in paragraph 8, and demands strict proof thereof.

9.      The City admits that Zayo Bandwidth has a telecommunications network within the public rights-of-way of the City, which was built primarily with public funds; however, the City is without knowledge or information sufficient to form a belief as to the truth of the allegations pled in paragraph 9, and demands strict proof thereof.

10.     The City admits that it is a duly chartered, home rule municipality, having taken the requisite steps to become such under Article XI, § 9 of the Tennessee Constitution.

11.     The City admits only the language of the statute insofar as it is quoted verbatim and not taken out of context; the City denies all remaining allegations, supplied emphasis, legal conclusions, interpretations or characterizations pled in paragraph 11.   The City denies that the statute so quoted has any applicability to this controversy.

12.     The City admits only the language of the statute insofar as it is quoted verbatim and not taken out of context; the City denies all remaining allegations, supplied emphasis, legal conclusions, interpretations or characterizations pled in paragraph 12.  The City denies that the statute quoted in paragraph 12 has any application to this controversy.  Additionally, the City would aver that the language of the statute does not abrogate the rights granted to the City by the Tennessee Acts of 1879.

13.     The City admits only the language of the statute insofar as it is quoted verbatim and not taken out of context; the City denies all remaining allegations, legal conclusions, interpretations or characterizations pled in paragraph 13.  Additionally, the City would aver that the language of the statute does not abrogate the rights granted to the City by the Acts of 1879.

14.     The City admits the language of the statute to the extent it is quoted verbatim; however, the City denies Zayo Bandwidth's characterization thereof.  The City also admits that *Bellsouth Telecommunications, Inc. v. City of Memphis*, 160 S.W.3d 901 (Tenn. Ct. App. 2004)

held that, when the City exercises its police powers, the City has a right to recover its reasonable costs from an occupant that occupies its public rights-of-way, but denies Zayo Bandwidth's interpretation and characterization of that decision.  The City denies any interlocutory order in the case, *Level 3 Communications, LLC v. City of Memphis*, No. 2:06-cv-02547-BBD-tmp, which was compromised and dismissed has any precedential effect on the issues in this case. The City denies all remaining allegations pled in paragraph 14.

 15. The City denies all allegations and legal conclusions pled in paragraph 15.

 16. The City denies all allegations and legal conclusions pled in paragraph 16.

 17. The City denies all allegations and legal conclusions pled in paragraph 17. Additionally, the City moves this Court to dismiss the allegations pled in paragraph 17, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Prior precedent in the Sixth and Eighth Circuits dictates that the franchise fees contemplated in the contractual agreement between Zayo Bandwidth and the City do not constitute an impermissible barrier to entry, prohibited by 47 U.S.C. § 253(a).  A gross revenue based franchise fee, if imposed on a no pay, no franchise granted basis "cannot be described as a prohibition within [within the meaning of 253(a)]…" and since such franchise fees are of the type "that the Act would appear, on its face, explicitly to permit, if 'fair and reasonable' and 'competitively neutral and nondiscriminatory'." *TCG Detroit v. City of Dearborn*, 206 F.3d 618, 624 (6th Cir. 2000).   Further, Zayo Bandwidth cannot show that any action of the City has actually or effectively prohibited Zayo Bandwidth from providing any services during its eight (8) years of operation under the Franchise Agreement. *Level 3 Communications v. City of St. Louis*, 477 F.3d 528, 532 (8th Cir. 2007).

 18. The City denies the allegations pled in paragraph 18, and adopts by reference its response to paragraph 17 as if set forth herein verbatim.

19.     The City denies the allegations pled in paragraph 19, and adopts by reference its response to paragraph 17 as if set forth herein verbatim.

20.     The City denies all allegations, legal conclusions and characterizations pled in paragraph 20, and adopts by reference its response to paragraph 17 as if set forth herein verbatim.

21.     The City denies all allegations pled in paragraph 21.

22.     The City admits only that on August 9, 2001, in proceedings docketed under TRA Docket No. 99-00909, the TRA issued a final order approving a joint venture between Memphis Light Gas and Water Division and Memphis Broadband and granting it a Certificate of Public Convenience and Necessity.  The City is without knowledge or information sufficient to form a belief as to the remaining allegations and legal conclusions pled in paragraph 22 and demands strict proof thereof.

23.     The City denies all of Zayo Bandwidth's allegations, legal conclusions and characterizations pled in paragraph 23.

24.     The City denies that Zayo Bandwidth possesses any state wide franchise and denies that any public policy alleged by Zayo Bandwidth is paramount to the State's primary interest in promoting the health, safety and welfare of its citizens by maintaining the integrity, operational safety and functionality of its system of public roadways on a cost effective basis to its taxpayers.

25.     The City is without knowledge or information sufficient to form a belief as to the truth of the allegations pled in paragraph 25 and demands strict proof thereof, but would affirmatively state that Zayo Bandwidth has expended tens of millions of public dollars in

constructing its network to the great detriment of the citizens of Memphis and Shelby County, Tennessee.

26.     The City is without knowledge or information sufficient to form a belief as to the truth of the allegations pled in paragraph 26 and demands strict proof thereof.  The City denies that the allegations in paragraph 26 have any relevance to this controversy, but would aver that the public has suffered to the benefit of Zayo Bandwidth.

27.     The City denies all allegations and legal conclusions pled in paragraph 27; the City affirmatively states that Zayo Bandwidth does not possess any statewide franchise to access the City's public rights-of-way and that such franchises, if any, are wholly subordinate to the prior grant, to the City, of complete control over its public rights-of-way by the State.

28.     The City denies all allegations pled in paragraph 28.

29.     The City admits that Memphis Networx actively solicited the City to provide it with a non-exclusive privilege to occupy and use the City's streets and public rights-of-way for the construction, operation and maintenance of a telecommunications system within the corporate limits of the City.  The City denies all remaining allegations, legal conclusions and characterizations pled in paragraph 29.

30.     The City denies all allegations, legal conclusions and characterizations pled in paragraph 30.

31.     The City admits Zayo Bandwidth voluntarily applied and lobbied the City for the non-exclusive privilege to occupy and use the City's streets and public rights-of-way for the construction, operation and maintenance of a telecommunications system within the corporate limits of the City, over the strenuous objections of Zayo's competitors.  The City also admits that under the terms of the agreement between the parties Memphis Networx voluntarily agreed to: (i)

provide the City initial compensation in the form of optical fibers, maintenance of the fibers up to the point where the City connects to the network and assist the City in resolving problems with those fibers; (ii) provide the City with general compensation equaling five percent (5%) of gross revenues, attributable to the operation of a telecommunications system within the City's streets and public rights-of-way; and (iii) certain rights upon termination of the agreement. The City also states that Memphis Networx agreed to said terms voluntarily. The City denies all remaining allegations and legal conclusions and characterizations pled in paragraph 31.

32.     The City states that the Franchise Agreement speaks for itself. The City would aver that Substitute Ordinance No. 4980, passed in December 2002, provided Zayo Bandwidth and all franchisees, operating under the terms and conditions of Ordinance No. 4404, the opportunity have their franchises governed by the terms and conditions of Ordinance No. 4980. Zayo Bandwidth chose not to exercise that option. The City denies all remaining allegations and legal conclusions pled in paragraph 32.

33.     The City admits that the City and Memphis Networx, a "joint venture" between Memphis Light Gas and Water Division and Memphis Broadband, freely entered into the Franchise Agreement on January 3, 2001 and that the expiration date of the Franchise Agreement is January 3, 2021. The City denies the remaining allegations, legal conclusions and characterizations pled in paragraph 33.

34.     The City admits that it has fully performed its obligations outlined in the Franchise Agreement. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations pled in paragraph 34 and demands strict proof thereof.

35.     The City is without knowledge or information sufficient to form a belief as to the truth of the allegations pled in paragraph 35 and demands strict proof thereof.

36.     The City admits that it has continuously sought to enforce the terms and conditions of the Franchise Agreement, which was a voluntary agreement of the parties.   The City has not sought to exercise any authority not embodied in the agreement between the parties.   The City denies all remaining allegations, legal conclusions and characterizations pled in paragraph 36.

37.     The City denies all allegations pled in paragraph 37.  The City denies it has ever expressed any intent to "seize" Zayo Bandwidth's network or to damage Zayo Bandwidth's network.  The City also denies the allegations to the extent that they allege the City intends to act in bad faith and affirmatively states that Zayo Bandwidth has occupied the City's public rights-of-way continuously since January 3, 2001 and has received the full cooperation of the City and has received all permits and permissions necessary to construct and maintain its network.

38.     The City denies all allegations pled in paragraph 38 and demands strict proof thereof.  The City denies the allegations to the extent that they allege the City intends to act in bad faith and affirmatively states that Zayo Bandwidth has occupied the City's public rights-of-way continuously since January 3, 2001 with full and complete cooperation by the City, even though Zayo Bandwidth has completely failed to perform its obligations under the Franchise Agreement and under applicable laws and ordinances.

39.     The Franchise Agreement speaks for itself.  The City denies the allegations pled in paragraph 39 to the extent they mischaracterize or misstate the provisions of the Franchise Agreement.  The City admits, however, the Franchise Agreement granted Zayo Bandwidth the non-exclusive privilege to occupy the City's public rights-of-way for the purpose of constructing, maintaining and operating a telecommunications system with the City's public

rights-of-way.  The City denies all remaining allegations, legal conclusions and characterizations pled in paragraph 39.

40.     The Franchise Agreement speaks for itself.  The City denies the allegations pled in paragraph 40 to the extent they mischaracterize or misstate the provisions of the Franchise Agreement.  The City admits, however, that in consideration for the City's non-exclusive grant of access to its public rights-of-way Zayo Bandwidth agreed to provide the City certain initial compensation outlined in the Franchise Agreement.  The City denies all remaining allegations, legal conclusions and characterizations pled in paragraph 40.

41.     The Franchise Agreement speaks for itself.  The City denies the allegations pled in paragraph 41 to the extent they mischaracterize or misstate the provisions of the Franchise Agreement.  The City denies all remaining allegations, legal conclusions and characterizations pled in paragraph 41.

42.     The City admits that it has since adopted Ordinance No. 4980, which removed the provisions complained of in Section 20 of Ordinance No. 4404.  Zayo Bandwidth was provided the option of operating its franchise pursuant to the terms and conditions of Ordinance No. 4980, yet has eschewed that option.  The City denies all remaining allegations, legal conclusions and characterizations pled in paragraph 42.

43.     The City denies the allegations and legal conclusions pled in paragraph 43.

44.     The Franchise Agreement speaks for itself.  The City denies the allegations pled in paragraph 44 to the extent they mischaracterize or misstate the provisions of the Franchise Agreement.  The City denies all remaining allegations, legal conclusions and characterizations pled in paragraph 44.

45.     The City denies the allegations, legal conclusions and characterizations pled in paragraph 45.

46.     The Franchise Agreement speaks for itself.  The City denies the allegations pled in paragraph 46 to the extent they mischaracterize or misstate the provisions of the Franchise Agreement.  The City would state that Zayo Bandwidth agreed in the Franchise Agreement to pay the City five percent (5%) of gross revenues generated by its operations within the City's public rights-of-way each Compensation Year.  The City denies the remaining allegations, legal conclusions and characterizations pled in paragraph 46.

47.      The City admits the language of the Franchise Agreement to the extent it is quoted verbatim, all remaining allegations or characterizations thereof pled in paragraph 47 are denied.

48.     The City denies the allegations, legal conclusions and characterizations pled in paragraph 48.  The City would further state that Zayo Bandwidth freely agreed to the Franchise Agreement.

49.     The City admits the language of the Franchise Agreement to the extent it is quoted verbatim, all remaining allegations or characterizations thereof pled in paragraph 49 are denied.

50.     The Franchise Agreement speaks for itself.  The City denies the allegations pled in paragraph 50 to the extent they mischaracterize or misstate the provisions of the Franchise Agreement.  The City denies all remaining allegations, legal conclusions and characterizations pled in paragraph 50.

51.     The City denies all allegations, legal conclusions and characterizations pled in paragraph 51.

52.     The City denies all allegations, legal conclusions and characterizations pled in paragraph 52.

53.     The City denies all allegations, legal conclusions and characterizations pled in paragraph 53.

54.     This paragraph does not appear to contain any allegations directed towards the City, thus no response is required; however, to the extent a response is necessary the City denies all allegations and legal conclusions pled in paragraph 54.

55.     The City admits the language of the Agreement to the extent it is quoted verbatim; the City denies all remaining allegations, legal conclusions and characterizations pled in paragraph 55.  Additionally, the City would aver that Substitute Ordinance No. 4980 removed several of the provisions objected to by Zayo Bandwidth; however, Zayo Bandwidth has failed to exercise its option to operate under said substitute ordinance.

56.     The City denies the allegations and legal conclusions pled in paragraph 56.

57.     The City admits a letter was sent to Zayo Bandwidth on August 31, 2007.  The City denies all remaining allegations and characterizations pled in paragraph 57.  The City would affirmatively state that it has never sought to "seize" any assets of Zayo Bandwidth, but has only sought through lawful and legal processes to exercise all rights and remedies granted to it by Zayo Bandwidth in the Franchise Agreement.

58.     The City without knowledge or information sufficient to form a belief as to the truth of the allegations pled in paragraph 58 and demands strict proof thereof.  The City would affirmatively state that it has never sought to "seize" any assets of Zayo Bandwidth, but has only sought through lawful and legal processes to exercise all rights and remedies granted to it by Zayo Bandwidth in the Franchise Agreement.

59.     In response to paragraph 59, the City adopts by reference its responses to paragraphs 1 through 58 as if set forth herein verbatim.

60.     The City admits that Zayo Bandwidth received a Certificate of Public Convenience and Necessity and that proof of a valid franchise agreement from the City was imposed by the TRA as a condition precedent to receipt of a Certificate of Public Convenience and Necessity.  The City is without knowledge or information sufficient to form a belief as to the truth of all remaining allegations pled in paragraph 60 and demands strict proof thereof.

61.     The City denies all allegations pled in paragraph 61.

62.     The City admits that by virtue of the Tennessee Public Acts of 1879 the City possess the paramount and complete control over the streets and public rights-of-way of the City, which expressly includes the power to grant franchises to public utilities.  The City admits that its Charter and applicable state law grant it the power to contract as could any natural person. The City denies all remaining allegations and legal conclusions pled in paragraph 62.

63.     The City denies all allegations, legal conclusions, interpretations and characterizations pled in paragraph 63.

64.     The City admits that it intends to enforce the terms and conditions of the Franchise Agreement and intends to avail itself of any remedy given the City by Zayo Bandwidth under the Franchise Agreement or available under applicable law.  The City denies all remaining allegations pled in paragraph 64 and affirmatively states that Zayo Bandwidth has occupied the City's public rights-of-way continuously since January 3, 2001.

65.     The City denies all allegations and legal conclusions pled in paragraph 65. Further, there is no factual or legal basis for any declaration that a mutual agreement between the parties, that has been fully performed by the City, be declared void *ab initio*.

66.     In response to paragraph 66, the City adopts by reference its responses to paragraphs 1 through 65 as if set forth herein verbatim.

67.     The City denies all allegations pled in paragraph 67.

68.     The City is without knowledge or information sufficient to form a belief as to the truth of the allegations pled in paragraph 68 and demands strict proof thereof.

69.     The City denies the allegations and legal conclusions pled in paragraph 69.

70.     The City denies the allegations pled in paragraph 70.

71.     The City denies the allegations pled in paragraph 71.

72.     The City denies the allegations pled in paragraph 72.

73.     The City denies the allegations pled in paragraph 73.

74.     The City denies the allegations pled in paragraph 74.

75.     In response to paragraph 75, the City adopts by reference its responses to paragraphs 1 through 74 as if set forth herein verbatim.

76.     The City denies all allegations, legal conclusions, interpretations and characterizations pled in paragraph 76.

77.     The City denies the allegations and legal conclusions pled in paragraph 77.

78.     The City denies the allegations pled in paragraph 78.

79.     In response to paragraph 79, the City adopts by reference its responses to paragraphs 1 through 78 as if set forth herein verbatim.

80.     The City denies all allegations, legal conclusions, interpretations and characterizations in paragraph 80.

81.     The City denies all allegations, legal conclusions, interpretations and characterizations in paragraph 81.

82.     The Franchise Agreement speaks for itself.  The City denies the allegations pled in paragraph 82 to the extent they mischaracterize or misstate the provisions of the Franchise Agreement.  The City denies all remaining allegations, legal conclusions, interpretations and characterizations pled in paragraph 82.

83.     The City denies all allegations and legal conclusions in paragraph 83.

84.     In response to paragraph 84, the City adopts by reference its responses to paragraphs 1 through 83 as if set forth herein verbatim.

85.     The City admits all allegations pled in paragraph 85.

86.     The City denies all allegations pled in paragraph 86.

87.     The City denies all allegations, legal conclusions, interpretations and characterizations in paragraph 87.

88.     The City denies all allegations and legal conclusions pled in paragraph 88.

89.     In response to paragraph 89, the City adopts by reference its responses to paragraphs 1 through 88 as if set forth herein verbatim.

90.     The City denies all allegations, legal conclusions and characterizations in paragraph 90.

91.     The City denies all allegations, legal conclusions, interpretations and characterizations pled in paragraph 91 and moves this Court to dismiss the allegations pled in paragraph 91, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  In support of this motion the City adopts its response to paragraph 17 as if set forth herein verbatim.

92.     The City denies the allegations, legal conclusions, interpretations and characterizations pled in paragraph 92 and moves this Court to dismiss the allegations pled in

paragraph 92, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  In support of this motion the City adopts its response to paragraph 17 as if set forth herein verbatim

93.    The City denies the allegations and legal conclusions pled in paragraph 93 and moves this Court to dismiss the allegations pled in paragraph 93, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  In support of this motion the City adopts its response to paragraph 17 as if set forth herein verbatim

94.    The City denies the allegations and legal conclusions pled in paragraph 94 and moves this Court to dismiss the allegations pled in paragraph 93, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  In support of this motion the City adopts its response to paragraph 17 as if set forth herein verbatim

95.    In response to paragraph 95, the City adopts by reference its responses to paragraphs 1 through 94 as if set forth herein verbatim.

96.    The City denies all allegations, legal conclusions, interpretations and characterizations in paragraph 96.

97.    The City denies the allegations, legal conclusions and characterizations in paragraph 97.

98.    The City denies all allegations in paragraph 98.

99.    In response to paragraph 99, the City adopts by reference its responses to paragraphs 1 through 98 as if set forth herein verbatim.

100.    The City admits that in consideration for the City's non-exclusive grant of access to its public rights-of-way Zayo Bandwidth freely agreed to the terms and conditions set forth in the Franchise Agreement, the terms of said agreement are in accordance with state and federal

law.  The City denies all remaining allegations, legal conclusions and characterizations pled in paragraph 100.

101.    The City denies all allegations, legal conclusions, interpretations and characterizations pled in paragraph 101.  Additionally, the City moves this Court to dismiss the allegations pled in paragraph 101, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

102.    The City denies the allegations, legal conclusions, interpretations and characterizations in paragraph 102.

103.    In response to paragraph 103, the City adopts by reference its responses to paragraphs 1 through 102 as if set forth herein verbatim.

104.    The City denies all allegations, legal conclusions, interpretations and characterizations in paragraph 104.

105.    The City denies all allegations, legal conclusions, interpretations and characterizations in paragraph 105.

106.    The City denies the allegations in paragraph 106.

107.    In response to paragraph 107, the City adopts by reference its responses to paragraphs 1 through 106 as if set forth herein verbatim.

108.    The City denies the allegations, The City denies all allegations, legal conclusions, interpretations and characterizations pled in paragraph 108.

109.    In response to paragraph 109, the City adopts by reference its responses to paragraphs 1 through 108 as if set forth herein verbatim.

110.    The City denies the allegations of paragraph 110.

111.   In response to paragraph 111, the City adopts by reference its responses to paragraphs 1 through 110 as if set forth herein verbatim.

112.   The City admits the language of the statute to the extent it is quoted verbatim; the City denies 42 U.S.C. § 1983's applicability to this case and all allegations, legal conclusions and characterizations contained in paragraph 112.

113.   The City denies all allegations, legal conclusions, interpretations and characterizations in paragraph 113.

114.   The City denies all allegations in paragraph 114.

115.   In response to paragraph 115, the City adopts by reference its responses to paragraphs 1 through 114 as if set forth herein verbatim.

116.   The City admits Zayo Bandwidth voluntarily provided the City, Initial Compensation outlined in the Franchise Agreement, the City denies all remaining allegations, legal conclusions, interpretations and characterizations in paragraph 116.

117.   The City denies all allegations, legal conclusions, interpretations and characterizations in paragraph 117.

118.   The City denies the allegations in paragraph 118.

119.   In response to paragraph 119, the City adopts by reference its responses to paragraphs 1 through 118 as if set forth herein verbatim.

120.   The City denies the allegations, legal conclusions, interpretations and characterizations pled in paragraph 120.  The City affirmatively states that absent an order from a Court of competent jurisdiction that it has no intent and has never expressed any intent to exercise any extra-judicial remedy against Zayo Bandwidth unless such action is necessary to protect the health, safety and welfare of its citizens.

121.     The City denies the allegations, legal conclusions, interpretations and characterizations in paragraph 121.

122.     The City denies Zayo Bandwidth is entitled to any such relief which it requests.

123.     All allegations not heretofore admitted are denied.

## AFFIRMATIVE DEFENSES

1.     Zayo Bandwidth's Counter-Complaint fails to state a claim upon which relief can be granted.

2.     Zayo Bandwidth's claims pursuant 47 U.S.C. §§ 253(a) and (c) fail to state a claim upon which relief can be granted in light of the Sixth Circuit Court of Appeals' holding in *TCG Detroit v. City of Dearborn*, 206 F.3d 618 (6th Cir. 2000).

3.     Tennessee law, including the Acts of 1879, grants the City the right to control its streets and rights of way under its police and proprietary powers and Tennessee Code Annotated §§ 65-21-101, 65-21-103, 65-21-201 and 65-21-202, read *in pari material*, are not in derogation of this right.

4.     The City has the right under Tennessee law, including, but not limited to, Tennessee Code Annotated §§ 65-21-101, 65-21-103, 65-21-201 and 65-21-202 to seek compensation and damages for the use of its rights of way and to forbid the obstruction of these rights of way.

5.     The City further states that all actions of the City Government or requirements imposed by the City were fairly debatable and were not arbitrary or illegal as a matter of law.

6.     The City relies on the doctrine of waiver and statute of limitations as a complete bar to any relief sought by Plaintiff in this cause based on Zayo Bandwidth's delay in objecting

to the terms and conditions imposed by the Franchise Agreement until it had accepted, used and enjoyed all the benefits and powers granted under the Franchise Agreement.

7.    The City relies on the doctrine of estoppel as a complete bar to any relief sought by Zayo Bandwidth in this cause, based on the City's performance of the Franchise in good faith and in reliance upon Zayo Bandwidth's promise to dutifully perform in accordance with its terms and conditions.

8.    The City relies on the defense of laches based on Zayo Bandwidth's undue delay in asserting any objections to the terms and conditions of the Franchise Agreement.

9.    To the extent that Zayo Bandwidth claims the Franchise Agreement is barred by 47 U.S.C. § 253(a), the City relies upon 47 U.S.C. § 253(c) as a "safe harbor" exception and declares that the Franchise Agreement is a proper exercise of the City's powers under § 253(c).

10.    To the extent that Zayo Bandwidth claims the Franchise Agreement is barred by 47 U.S.C. § 253(c), the City affirmatively states that the fee agreed upon by the parties is reasonable because in relation to the ubiquitous use of public rights-of-way contemplated by Zayo Bandwidth, the amount that other similarly situated telecommunications providers were willing to pay and the fact that Memphis Networx, Zayo Bandwidth's predecessor entity, agreed to the fee Zayo Bandwidth now attempts to challenge as unfair.  *TCG Detroit v. Dearborn*, 206 F.3d at 625.

11.    To the extent that the Franchise Agreement is determined be improper or violate state law or the provisions of Tennessee Code Annotated § 65-21-103, state law is preempted by 47 U.S.C. § 253.

12.    The City relies on the doctrine of unjust enrichment in that Zayo for years operated its business for pecuniary gain without any reimbursement to the City for the costs of

the City to provide a fully functioning, properly maintained and operationally safe system of

public rights-of-way for use by Zayo Bandwidth, thereby sparing Zayo Bandwidth the expense

of acquiring access to private rights-of-way.

13.    The City also relies on the doctrine of unclean hands in that Zayo Bandwidth

intentionally gained a competitive advantage by refusing to pay state assessed public utility taxes

and other lawful charges for the privilege of operating its business in Memphis, Shelby County,

Tennessee.

Having fully answered Zayo Bandwidth's Complaint, the City respectfully requests that

this Court dismiss all claims contained in this Complaint at Plaintiff's cost.


Respectfully submitted,

By:  /s/ Allan J. Wade_____
ALLAN J. WADE (4339)
BRANDY S. PARRISH (21631)
J. GORDON HOWARD (26850)
Allan J. Wade, PLLC
One Commerce Square, Suite 2275
Memphis, Tennessee 38103
(901) 322-8005
awade@thewadefirm.com

Attorneys for Plaintiff, City of Memphis.

## CERTIFICATE OF SERVICE

I certify that I forwarded a copy of the foregoing document to the following individuals, by electronic means of filing with this Court, or for those for whom the Court records show do not receive the electronic transmission, then by U.S. mail, postage prepaid, this the 20th day of May, 2009.

John C. Speer, Esq.
Clarence A. Wilbon, Esq.
Annie T. Christoff, Esq.
Bass, Berry & Sims, PLC
100 Peabody Place, Suite 900
Memphis, TN 38103

/s/ Allan J. Wade