**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

CITY OF MEMPHIS, TENNESSEE

      Plaintiff/Counter-Defendant,

          v.                      No.  2:09-cv-2205-SHM-cgc

ZAYO BANDWIDTH TENNESSEE, LLC
f/k/a MEMPHIS NETWORX, LLC,

      Defendant/Counter-Plaintiff.

**RESPONSE OF CITY OF MEMPHIS IN OPPOSITION TO DEFENDANTS MOTION**
**FOR JUDGMENT ON THE PLEADINGS**

      Plaintiff/Counter-Defendant, City of Memphis, Tennessee ("City"), submits its Response in Opposition to Defendant's Motion for Judgment on the Pleadings pursuant to Rule 12 (c) of the Federal Rules of Civil Procedure.

STATEMENT OF THE CASE

      This case concerns Defendant's breach of a written contract with the City of Memphis and Defendant's Counter-claim seeking recovery of damages for the alleged illegal extraction by the City from Defendant of compensation for Defendant's use of the City's public rights of way ("PROW"). Defendant has moved the Court for judgment on the pleadings only as to the allegations in the City's Complaint, pursuant to Rule 12 (c) of the Federal Rules of Civil Procedure, essentially contending that the City cannot recover on its breach of contract claims for compensation never paid by Defendants for PROW usage, because it lacks the authority to impose a revenue based PROW fee under state and federal law.

STANDARD OF REVIEW

While the standard of review is similar to that used in determining a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the purpose of a Rule 12 (c) motion is different. As Defendant correctly states in its memorandum, Defendant's motion concedes the truth of the allegations in the complaint, but contests the legal sufficiency of Plaintiff's case. A motion for judgment on the pleading is similar to a general demurrer at common law "employed to resolve the substantive merits of the controversy." 5A Wright & Miller, § 1367 at 509.  A general demurrer was used also at common law to contest the sufficiency of a complaint; that usage is now embodied in Rule 12(b)(6).  While Rule 12(c) embodies both the first and second usages of the common law demurrer, *See id.* § 1355, at 291-94 & § 1367, at 509, the purpose of a motion under Rule 12(c) is "to resolve the substantive merits of the controversy," rather than to test the legal sufficiency of the Complaint. The distinction is a fine one, but the differences of the two rules is important in resolving the issues presented in this case.

Under Rule 12(c) of the Federal Rules of Civil Procedure, a defendant may move for judgment on the pleadings "at any time after the pleadings are closed," that is, after filing its answer, "but within such time as not to delay the trial." While a Rule 12(b)(6) motion is "concerned with the technical sufficiency of the allegations in the complaint" rather than the merits of the claim, a Rule 12(c) motion *"is* concerned with the merits: accepting the truth of the allegations and assuming *arguendo* that the plaintiff has stated a technically valid claim, is the defendant nonetheless entitled to judgment on the merits." *Reed Elsevier, Inc. v. TheLaw.net Corp.,* 269 F.Supp.2d 942, 947 (S.D.Ohio 2003) (citations omitted).

Nevertheless, a Rule 12(c) motion, like a Rule 12(b)(6) motion, will be granted only when it is clear that "no material issue of fact exists and the party making the motion is entitled

to judgment as a matter of law." *Paskvan v. City of Cleveland Civil Serv. Comm'n,* 946 F.2d 1233, 1235 (6th Cir.1991); *see also* 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1367 (3d ed.2004) (hereafter, "Wright & Miller") ("A Rule 12(c) motion is designed to provide a means for disposing of cases when the material facts are not in dispute ... and a judgment on the merits can be achieved by focusing on the contents of the pleadings.").

A court reviewing such a motion must, therefore, construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claim that would entitle him to relief." *Ziegler v. IBP Hog Market, Inc.,* 249 F.3d 509, 511-12 (6th Cir.2001). However, the Court is not required "…accept as true legal conclusions or unwarranted factual inferences." *Mixon v. Ohio,* 193 F.3d 389, 400 (6th Cir.1999).

For both 12(b)(6) and 12(c) motions, the court primarily considers the allegations in the complaint; however, "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint also may be taken into account." *Nieman v. NLO, Inc.,* 108 F.3d 1546, 1554 (6th Cir.1997) (citation omitted); Wright & Miller § 1367.

### THE FACTUAL ALLEGATIONS OF THE COMPLAINT SUPPORT THE RELIEF REQUESTED

Even a cursory review of the pleadings demonstrates that Defendant's motion for judgment on the pleadings is not well taken and should be denied. For the purposes of Zayo's Motion, the Court must take as true the following Complaint allegations:

(a)     Zayo's predecessor, Memphis Networx, a public/private joint venture controlled by MLG&W, a division of the City, voluntarily entered into the Franchise Agreement without protest or reservation of rights. [*Complaint ¶ 26*];

(b)      Memphis Networx vigorously defended opposition to the grant of its franchise from the City and voluntarily made concessions to the Council to obtain its franchise. [*Complaint ¶ 18*];

(c)      The City and Memphis Networx expressly agreed in paragraph 12 of the Franchise Agreement as follows:

> Upon the execution of this franchise contract, said Franchise Contract shall be deemed to constitute a contract by and between Grantee and the City of Memphis and shall be enforceable in accordance with his terms even if Ordinance No. 4404 or any subsection, sentence, clause, phrase, term, provision, condition, covenant or portion thereof is held invalid or unenforceable by a court of competent jurisdiction. [Complaint ¶ 21];

(d)      Memphis Networx has been in continuous default of the Franchise Agreement in a number of respects, has been given opportunity to cure these defaults and has failed or refused to do so. [*Complaint ¶ 24*].

Zayo's arguments concerning the validity of City Ordinance 4404 miss the point. This lawsuit does not seek to enforce City Ordinance 4404, but rather seeks to enforce the Franchise Agreement. This is a key distinction. Thus, the relevant issue is whether the Franchise Agreement is a lawful and valid contractual undertaking between the City and Zayo enforceable in accordance with its terms. The City will establish that the Franchise Agreement is not *ultra vires* and is valid and enforceable in accordance with its terms. Under Tennessee law a municipality may, in its proprietary power, contract with any person willing to do so. *Lewis v. Nashville Gas & Heating Co.*, 40 S.W.2d 409, 412 (Tenn. 1931)("The Constitution of this state and no statute limited or restrained  either the city or the gas company in the exercise of their contractual powers. Both parties could contract….").  Thus, Defendants obligation to pay compensation for use of the City's public rights of way is based on a contract between the parties and is not based on the City's power to compel Defendant to pay a reasonable rental in its governmental capacity in the absence of an agreement.

ZAYO'S RELIANCE ON COLLATERAL ESTOPPEL IS MISPLACED

In Tennessee, the doctrine of collateral estoppel, when applicable, bars the parties or their privies from re-litigating issues that were actually raised and determined in an earlier suit. *Beaty v. McGraw*, 15 S.W.3d 819, 824 (Tenn.Ct.App.1998).  Tennessee courts have consistently held that the issue sought to be precluded must be identical in both cases for collateral estoppel to apply. *Beaty v. McGraw*, 15 S.W.3d 819 (Tenn.Ct.App.1998); *Tennessee Farmers Mut. Ins. Co. v. Moore*, 958 S.W.2d 759 (Tenn.Ct.App.1997); *Scales v. Scales,* 564 S.W.2d 667 (Tenn.Ct.App.1977).

The issues of the City's power to contract and the validity of the Franchise Agreement notwithstanding the validity of  Ordinance 4404 were not actually litigated nor decided in *Bell South v. City of Memphis.*  Unlike the present case, BellSouth and the City had not entered into a franchise agreement under Ordinance No. 4404; rather, BellSouth was seeking to avoid doing so. Thus, the issue of validity of the Franchise Agreement, as a lawful contract independent of Ordinance 4404,  was never presented nor decided in that case.

THE FRANCHISE AGREEMENT DOES NOT VIOLATE 47 U.S.C. §253

As previously shown, the Franchise Agreement in its entirety is an enforceable contact between the parties under Tennessee law. The City, however, believes that while the parties may freely contract under state law, they may be constrained to some extent by the Telecommunications Act of 1996. 47 U.S.C. § 253.

For the purposes of this issue the Court must take as true the Complaint allegation that the Franchise Agreement compensation is the same compensation charged to all holders of voluntary franchises for ubiquitous access to the City's PROW and that such compensation is under the totality of the circumstances (i) fair and reasonable market based compensation for ubiquitous access and (ii) applied on a competitively neutral and non-discriminatory basis to all

who are similarly situated. Complaint ¶ 30.  Under controlling authority in this Circuit the compensation provisions of the Franchise Agreement do not violate 47 U.S.C. § 253(c). See *Dearborn v. TGC Detroit*, 206 F.3d 624-25 (6th Cir.2002).

Additionally, the Court must take as true the Complaint allegation that the non-fee provisions of the Franchise Agreement all attempt (a) to preserve the physical integrity of the City's streets and ROW's, (b) to establish standards and procedures: (i) for excavation of public streets, (ii) for construction within public streets and (iii) for constructing lines across private property, (c) to control the orderly flow of vehicles and pedestrians, (d) to manage gas, water, cable (both electric and cable television), and telephone facilities that crisscross the streets and public rights-of-way, (e) to coordinate construction schedules, (f) to determine insurance, bonding and indemnity requirements, (g) to establish and enforce building codes, (h) to prevent street obstructions, and (i) to keep track of various systems using the rights-of-way to prevent interference between them. Complaint ¶ 29.

The Federal Communications Commission ("FCC"), the agency charged with implementing the Federal Telecommunications Act, has interpreted section 253(c) to allow local governments to impose the very same requirements and conditions that Defendant objects to in this case. The FCC's guidance has been followed by numerous federal courts. See *Bell Atlantic-Maryland, Inc. v. Prince George's County Maryland*, 49 F. Supp.2d 805,815-16 (D. Md. 1999) ("…[T]he types of activities that fall within the sphere of appropriate rights-of-way management ... include coordination of construction schedules, determination of insurance, bonding and indemnity requirements, establishment and enforcement of building codes, and keeping track of the various systems using the rights-of-way to prevent interference between them). Further,

Zayo's predecessor eschewed the opportunity to eliminate many of the non-fee provisions from its Franchise Agreement and is now equitably estopped to contest them.

## THE CITY HAS NOT IMPAIRED ANY CONTRACTS OR VESTED RIGHTS OF ZAYO

The Sixth Circuit Court of Appeals has held that the 1885 Act does not expressly or by implication repeal or abrogate the then existing proprietary or governmental powers of the City as granted to it by the 1869-70 Acts and by the 1879 Acts. *City of Memphis v. Postal Tel. Cable Co.*, 145 F. 602, 605(6th Cir. 1906) ("… the Legislature by the act of 1885, which is a general statute, did not intend to resume the power of control of its streets which it had given to the city of Memphis by the act of 1869-70, and that the general law[the 1885 Statute] operates only as a permission, to exercise in the streets of Memphis the franchise granted to telegraph companies subject to the control which it had already granted to the city"). The *Postal Telegaph* Court also rejected the argument that the Act of 1885 created a contract with the state in favor of telegraph companies that could be impaired by the City. *Id* at 607.

## ALTERNATIVE CLAIMS FOR RELIEF HAVE A FACTUAL AND LEGAL BASIS

Zayo's assertions concerning the City's forfeiture of its right to statutory rentals and just damages are unavailing; the very statutes that Zayo contends gives it the right to occupy the City's PROW rent free, specifically allow the City to "exact reasonable rentals" in the exercise of the City's police power [i.e., in the absence of an agreement] for Zayo's occupation of the City's PROW and give the City a compensable claim for "just damages" or damages for the diminution in the value of its PROW due to Networx's occupation thereof.

Similarly, the City is entitled to maintain an unjust enrichment claim if the compensation provisions of the Franchise Agreement are invalidated. The Franchise Agreement contains a

severability clause which allows the Franchise Agreement to be enforceable should the compensation provision be elided as invalid. In such case there would be no written agreement that provides for the payment of compensation for Zayo's use of the City's PROW and a claim for *quantum meruit* compensation would be proper.

Finally, the City has alleged that Zayo misappropriated the City's property thereby converting the City's property for its own pecuniary gain. *See Complaint ¶ 59-60*. Such misappropriation constitutes conversion.

Under Rule 8 of the Federal Rules of Civil Procedure pleadings must contain short and plain statements of claims for relief requested. Technical forms of pleading are not required, and the assertions must set forth simple, concise, and direct allegations of fact showing that the pleader is entitled to relief. In reviewing the complaint allegations, the Court must construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claim that would entitle him to relief; the Court is not required to accept a pleader's legal conclusions. Mixon v. Ohio, 193 F.3d 389, 399-400 (6th Cir.1999). A complaint will not be dismissed unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to the relief requested. *See Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02, 2 L.Ed.2d 80 (1957).

The City has alleged that Zayo "misappropriated" its property and "converted" the City's property to its own use.  In its primary sense, the word "misappropriation"  is defined as the application of another's property or money dishonestly to one's own use. *Black's Law Dictionary* (7th ed. 1999). The City would respectfully suggest that if Zayo is using the City's fibers the City cannot use those fibers for its own use. Such wrongful misappropriation would

constitute theft of property under Tenn. Code Ann. § 39-14-101, theft of services under Tenn. Code Ann. 104, interference with telephone lines used by the City for essential services under Tenn. Code Ann. §39-14-411(a) and communication theft under Tenn. Code Ann. § 39-14-149 and would certainly constitute common law conversion. No matter how denominated the City has given Zayo fair notice of the City's claims.

WHEREFORE PREMISES CONSIDERED the City respectfully requests the Court to deny Defendant's Motion for Judgment on the Pleadings based on this Response and supporting Memorandum of Law.

Respectfully submitted,

By: _/s/ Allan J. Wade_____
ALLAN J. WADE (4339)
BRANDY S. PARRISH (21631)
J. GORDON HOWARD (26850)
Allan J. Wade, PLLC
One Commerce Square, Suite 2275
Memphis, Tennessee 38103
(901) 322-8005
awade@thewadefirm.com

Attorneys for Plaintiff, City of Memphis.

## CERTIFICATE OF SERVICE

I certify that I forwarded a copy of the foregoing document to the following individuals, by electronic means of filing with this Court, or for those for whom the Court records show do not receive the electronic transmission, then by U.S. mail, postage prepaid, this the 13th day of July, 2009.

Mr. John C. Speer, Esq.
Mr. Clarence A. Wilbon, Esq.
Ms. Annie T. Christoff, Esq.
Bass, Berry & Sims, PLC
100 Peabody Place, Suite 900
Memphis, TN 38103

W. Randolph Teslik, P.C.
Duncan N. Stevens
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Ave.
Washington, DC 20036

/s/ Allan J. Wade